**ROBINSON, Plaintiff-Appellant, v. CLEVELAND (City) TRANSIT SYSTEM, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22677.  Decided February 24, 1953.

P. Jerome Pasch, Cleveland, for plaintiff-appellant.
R. F. Mooney, R. C. Green, Cleveland, for defendant-appellee.

204

## OPINION

PER CURIAM:

The plaintiff's wife was a passenger on a south-bound East 79th Street Cleveland Transit Company bus. At the time of the accident which is the subject of this action, the bus had just passed Carnegie Avenue proceeding south at about five miles per hour. At the same time, a tractor-trailer belonging to Direct Transportation Company was being driven south and was attempting to pass the transit system bus when the front end of the trailer scraped and struck the left front side of the bus, causing the bus to jump the right curb of East 79th Street (about forty feet south of Carnegie Avenue) and proceeded about seventy-one feet striking a utility pole before coming to a stop. The plaintiff's wife was injured, as a result of such collision, by striking a grab bar in the bus.

From a judgment for the defendant entered upon a verdict of the jury, the appellant claims the following errors:

"1. In overruling plaintiff's motion for a new trial.

"2. In refusing to give to the jury before argument the special charge requested by plaintiff.

"3. In giving to the jury before argument defendant's special charge No. 2.

"4. In its general charge to the jury.

"5. In its refusal to admit testimony by plaintiff of the amounts of money expended by him for medical expense, medicines and nurses.

"6. Other errors apparent upon the face of the record."

The plaintiff originally brought this action against two defendants, the Direct Transportation Company and the City of Cleveland. The allegations of the petition charged that the said defendants were guilty of concurrent acts of negligence as a result of which the plaintiff's wife was injured. Thereafter, the plaintiff dismissed the case as to the defendant the Direct Transportation Company, after entering into a "covenant not to sue and to cease suing," said covenant being entered into for the consideration of $1.00.

The general charge of the court when considered in its entirety adequately presented to the jury the law applicable to the case. Therefore, the plaintiff's rights were not prejudiced thereby.

The plaintiff's complaint of error in failing to give his special request to charge before argument was properly refused by the court because the text of such charge was inaccurate. It, in effect, was that if **either** defendant was negligent, then the plaintiff could recover against the transit system.

We further hold that the defendants' special request to charge before argument No. 2 was properly given. It provided that if the plaintiff's

wife was injured as a proximate result of and solely because of the negligence of the Direct Transportation Company, then they should find for the defendant, the City of Cleveland. Under the facts of the case, this was a correct statement of the law and, therefore, the giving of such charge did not constitute prejudicial error.

The further claim of error on the part of plaintiff that the refusal to permit the introduction in evidence with respect to plaintiff's doctor bills and medical expenses occasioned by his wife's injury, without expert testimony, was not prejudicial primarily because the jury's verdict was for defendant. The jury was therefore not called upon to give consideration to such evidence.

The judgment is affirmed. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.